David Domingo MATEO–
PEDRO, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71807.
Agency No. A72–997–966.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided March 16, 2004.

Steven A. Seick, Esq., Attorney at Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, San Diego, CA, Ronald E. LeF'evre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Jeffrey J. Bernstein, Esq., Ernesto H, Molina, Jr., Michael T. Dougherty, Barry J. Pettinato, Esq., Elizabeth J. Stevens, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before NOONAN, THOMAS, and BEA, Circuit Judges.

MEMORANDUM *

David Domingo Mateo–Pedro (Mateo), a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals (the Board) summarily affirming the immigration judge's (IJ) denial of asylum and withholding of removal. We remand to the Board for it to exercise its discretion.

■ Substantial evidence supports the IJ's finding that Mateo was enslaved by the guerrillas not on account of any political opinion but in order to augment their supply of labor. Substantial evidence also supports the IJ's finding that Mateo has little risk of future persecution if he returns to Guatemala because, although violence may mark the country, the government and the guerrillas have agreed to accords of peace. See Gonzalez–Hernandez v. Ashcroft, 336 F.3d 995, 998–99 (9th Cir.2003).

■ Nonetheless, the IJ did not address one aspect of Mateo's case, viz. that the severe persecution suffered by his family may have been such that he qualifies for a humanitarian grant of asylum in accordance with the leading case of Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989) (quoting paragraph 136 of the UNHCR Handbook, which recognizes that "a person who-or whose family-has suffered under atrocious forms of persecution should not be expected to repatriate"). Mateo's great-grandfather, his great-uncle and his father's only two brothers, Juarez and Carlos, were put to death by government soldiers partly or wholly on account of being perceived by their killers as allied with the guerrillas. Mateo's own father was kidnaped from his home by soldiers, then imprisoned, beaten, cut, tortured and threatened with death as one cognizant of, and presumptively sympathetic with, the guerrillas. This infliction of death or torture on five of his male relatives may, in the judgment of the Board, be the kind of persecution on account of political opinion that would qualify Mateo for asylum. We remand to the Board for it to exercise its discretion in this regard.

The petition is GRANTED in part and DENIED in part. The case is REMANDED to the Board for proceedings in accordance with this disposition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

